FERNÁNDEZ, LIQUIDATOR OF FERNÁNDEZ & CO., APPELLANT, v.
REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying
Admission to Record of a Deed of Release.

No. 357.—Decided May 2, 1918.

RELEASE—LIQUIDATOR—PARTNERSHIP.—In the circumstances of this case it was
held that the liquidator of a certain commercial partnership, who was in-
trusted with the liquidation of another firm, had authority to execute a
release of the deferred price of certain real property belonging to the
second firm and sold by the first firm as liquidator of the second.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for the appellant.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On February 19, 1918, Carlos Conde y Casariego executed
a notarial release deed in favor of Fernández, Méndez & Com-
pany, Limited, which the Registrar of Property of San Juan,
Section 2, refused to record, "* * * because the power
to liquidate, which upon their dissolution Méndez & Company
conferred upon Villar & Company, having expired by virtue
of the dissolution of the last firm, Carlos Conde Casariego,
as the sole member of the firm of Villar & Company, has
no authority to continue liquidating this last firm, nor con-
sequently to acknowledge the receipt of a deferred payment
due to the said firm of Méndez & Company in liquidation,
as such authority is not shown to have been transferred by
Villar & Company to Carlos Conde upon their dissolu-
tion. * * *"

The registrar gave notice of his decision to the presenter
of the document, but it was not withdrawn by him; therefore,
in compliance with the law, the registrar sent up the said
document, accompanied by others which were exhibited with
it, to this court for consideration and decision.

By a public deed executed on January 2, 1906, Carlos
Conde and Eduardo Villar formed a general mercantile part-

nership under the firm name of Villar & Company. By another public deed of October 5, 1910, Vicente Méndez, Villar & Company and Constantino García formed a partnership under the firm name of Méndez & Company, Vicente Méndez being the managing partner, Constantino García the industrial partner and Villar & Company the silent partner. Villar & Company contributed to the partnership a property in Santurce, P. R., of 4,934 square meters of land with buildings and a completely installed manufactory of liquors, the principal business of the partnership. It also appears from a public deed of August 1, 1912, that the industrial partner, Constantino García, retired from the partnership. On December 18, 1912, Vicente Méndez and Villar & Company appeared before a notary and dissolved the firm of Méndez & Company, conferring ample powers upon Villar & Company for its liquidation. On the said 18th day of December, 1912, Villar & Company, as liquidators of Méndez & Company, sold the liquor factory, including the land and buildings, to Fernández, Méndez & Company, Limited, for the sum of $41,261.90, of which amount the purchaser paid $26,000 in cash to the seller at the execution of the deed of sale and agreed to pay the balance in monthly instalments. On March 4, 1915, Carlos Conde and Eduardo Villar dissolved the partnership of Villar & Company, but nothing was set out in the public deed of dissolution regarding the liquidation of the firm of Méndez & Company which had been confided to Villar & Company. Carlos Conde was charged with the liquidation of the firm of Villar & Company. Matters being thus, the said Carlos Conde executed the deed which the registrar refused to admit to record. In the said deed he explained the facts of the case and stated that Fernández, Méndez & Company, Limited, had duly paid to Villar & Company, as liquidators of Méndez & Company, the balance of the purchase price referred to in the deed of December 18, 1912, wherefore he executed in their favor a complete deed of release. Conde further stated that he executed the deed as the sole member

of the firm of Villar & Company, the liquidators of the other firm of Méndez & Company.

After carefully examining all of the documents to which we have referred we are convinced that in point of fact the only present representative of Villar & Company is Carlos Conde, and this being the case, we do not see why an act of Carlos Conde in the name of Villar & Company should not be effective.

It is true that the deed of dissolution of Villar & Company is silent as to the liquidation of Méndez & Company, with which Villar & Company were charged, but the fact is that no new act is involved, but simply an acknowledgment by the liquidator of Villar & Company that this firm duly received, as liquidator of Méndez & Company, the deferred instalments of the said sale.

In view of the foregoing we are of the opinion that the decision should be reversed and the registrar ordered to make the record solicited.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.